¶ 53. I concur in the majority's decision to reverse Davis's conviction due to an impermissible restraint on Davis's right to a full cross-examination of Ratcliff to explore any possible motive Ratcliff may have had to testify favorably for the State and inconsistent with his own prior statement. I write separately to express my opinion on the majority's analysis of the prosecutor's opening and closing argument as it relates to prohibited comments on Davis's failure to testify. The majority concludes the comments gave rise to reversible error. With utmost respect, I see the issue through a different lens.
 ¶ 54. This case clearly illustrates what the majority recognizes as a fine line or "walking a tight rope" on what is and what *Page 177 
is not a prejudicial comment on Davis's right to refrain from testifying. This delicate situation exists for two reasons: (a) Davis did not testify live at trial and (b) Davis gave a statement that can be considered both incriminating in part and exculpatory in part. What Davis said and, conversely, what Davis did not say in that statement is evidence before the jury subject to fair comment by the prosecution.
 ¶ 55. During opening statements, Davis's attorney claimed that Davis was walking towards his house when he heard gunshots and saw "people running away." Davis's attorney went on to state that Davis found Williams laying on the ground bleeding from a gunshot wound to the head, that Davis put Williams in Williams's Cadillac, and that Davis drove Williams "trying to get help." Davis's attorney even mentioned that Davis did not go to a hospital. As the majority notes, Davis claimed that he was trying to get help for Williams. That is, Davis presented a defense based on the concept that he had only the best intentions in driving Williams. Davis argued that he did not shoot Williams. Davis claimed that he put Williams's injured body in his car to get "help" for Williams. Naturally, one way for Davis to have helped Williams would have been to get Williams to a hospital for medical attention.
 ¶ 56. Without question, the prosecution's comments were not direct references to Davis's failure to testify. The prosecution did not specifically say something along the lines of, "Davis did not take the witness stand and defend himself against these allegations." Where the comment is not a direct reference to a defendant's decision to refrain from testifying, we must examine the comment on a case by case basis. Jonesv. State, 669 So.2d 1383, 1390 (Miss. 1995).
 ¶ 57. "[A]ttorneys are to be given wide latitude in making their closing arguments." Jimpson v. State,532 So.2d 985, 991 (Miss. 1988). Many comments by prosecutors have been examined as potential comments on a defendant's failure to testify and have been found to be permissible — usually based on the concept that the prosecution may comment on a defendant's failure to set forth a successful defense.Jimpson, 532 So.2d at 991. Such a comment is not a reference to a defendant's failure to testify by "innuendo and insinuation." Alexander v. State, 610 So.2d 320, 340
(Miss. 1992).
 ¶ 58. In its purest form, this contingent of permissible comments shows that the prosecution may comment to show a lack of evidence in the record to support the argument of the defendant's attorney. Dowbak v. State, 666 So.2d 1377,1387 (Miss. 1996). Accordingly, the prosecution may question a defendant's inability to explain his presence in the vicinity of a crime. Jimpson, 532 So.2d at 991. The prosecution may comment on a defendant's actions on the night of a crime, including comments as to what a defendant did or did notsay to a highway patrolman. Jones,669 So.2d at 1390 (emphasis added). The prosecution may turn the jury's attention to a defendant's statement to authorities and the defendant's confession within that statement. Foster v.State, 639 So.2d 1263, 1290 (Miss. 1994). Similarly, the prosecution may comment on a defendant's failure to successfully back up his claim of mistaken identity.Heatherly v. State, 757 So.2d 357 (¶ 8) (Miss.Ct.App. 2000). Along the same lines, I would hold that, so long as it does so within the confines of the evidence, the prosecution may question a defendant's inability to explain his behavior where it is inconsistent with his defense. In other words, the prosecution is allowed to properly evaluate the weight *Page 178 
and worth of the evidence. Taylor v. State,672 So.2d 1246, 1266 (Miss. 1996).
 ¶ 59. Viewing the comments in context, I am convinced that the prosecutor's statements were not impermissible comments on Davis's failure to testify. I see the prosecutor's comments as evaluations of the weight and worth of the evidence and references to Davis's failure to put forth a rational and believable defense. Davis claimed he was not guilty of murder. By his statement, submitted into evidence, Davis also attempted to explain William's presence in the car. In essence, Davis submitted that he had Williams's best interests in mind when Davis tried "to help" Williams by driving him somewhere. The prosecution's comments showed that, had Davis really intended "to help" Williams, Davis could certainly have done so by taking Williams to one of many nearby hospitals. I would find that the prosecution's comments related to the evidence and they were permissible comments in response to Davis's arguments. McGilberry v. State, 741 So.2d 894 (¶ 35) (Miss. 1999).
 ¶ 60. The majority presents a sound and thorough analysis. However, with all due respect, I collegially disagree with the conclusion that the prosecutor committed error in her arguments. I would find that the prosecution's comments were permissible comments on the inferences and conclusions that the jury was free to draw from the evidence before it, including Davis's statement to the police.
LEE, P.J., AND SOUTHWICK, J., JOIN THIS OPINION.